**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | **CASE NUMBER 6:23-CR-00098-JCB** |
| v. | § | |
| | § | |
| | § | |
| **CHRISTOPHER ROBERT** | § | |
| **EASTERLING** | § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On October 16, 2023, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Christopher Robert Easterling. The government was represented by Alan Jackson, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Conspiracy to Distribute Methamphetamine and to Possess Methamphetamine with Intent to Distribute, A Class A felony. This offense carried a statutory maximum imprisonment term of life in prison. The guideline imprisonment range, based on total offense level of 31 and criminal history category of V, was 168 to 210 months. On March April 23, 2015, U.S. District Judge William Orrick III of the Northern District of California sentenced Defendant to 140 months imprisonment, followed by 5 years of supervised release subject to the standard conditions of release, plus special conditions to include drug and/or alcohol treatment, mental health treatment, alcohol abstinence, no association with the Black Guerilla Family gang, registration as a drug offender, not possessing any false identification, no contact with co-defendants, cooperating with probation office's collection of

1

DNA, and not possessing firearms, ammunition, destructive devices, or other dangerous weapons. On January 18, 2023, Defendant completed his period of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was required to obtain the permission of the court or the probation officer before leaving the judicial district. In its petition, the government alleges that Defendant violated his conditions of supervised release on September 8, 2023, when he left the Eastern District of Texas without permission from the court or the probation officer.

If the court finds by preponderance of the evidence that Defendant violated the conditions of supervised release by leaving the judicial district without permission by the court or the probation officer, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade C violation, the court may (1) revoke probation or supervised release; or (2) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of V, the Guideline imprisonment range for a Grade C violation is 7 to 13 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the conditions of supervision referenced above by leaving the judicial district without permission by the court or the probation officer. In exchange, the government recommended to the court a sentence of 13 months imprisonment, with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant Christopher Robert Easterling's plea of true be accepted and he be sentenced to 13 months imprisonment with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Mendota,

CA, or Sheridan, OR, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 16th day of October, 2023.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE